**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:07-CR-41 |
| | ) |
| TIMOTHY JAMES CARR, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the Motion Seeking Modification of Sentence Based Upon 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, as a result of Amendment 782 to the United States Sentencing Guidelines, filed by pro se Petitioner, Timothy James Carr, on January 6, 2015 (DE #33). For the reasons set forth below, Defendant's request for a sentencing modification (DE #33)is **DENIED**.

On September 7, 2007, Defendant pled guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). On November 16, 2007, the Court held a sentencing hearing. As a result of the amount of drugs and specific offense characteristics, the original Presentence Investigation Report calculated Carr's Total Offense Level at 34. Based on the original criminal history category of VI, Defendant qualified as a career offender under U.S.S.G. § 4B1.1. The original sentencing guideline

range was 262-327 months, and the Court sentenced Defendant to a term of 262 months. (*See* DE #18.) Defendant previously filed a request for reduction under a previous crack cocaine amendment, which this Court denied. (DE # 32.)

Defendant has filed the instant letter believing that he may be entitled to a sentence modification pursuant to 18 U.S.C. section 3582(c)(2) and U.S.S.G. § 1B1.10, as a result of Amendment 782 to the United States Sentencing Guidelines. Upon receiving the instant request, this Court directed the United States Probation Office to provide the Court with a copy of Defendant's original Presentence Report (PSR) (with any addenda, previous updates and/or supplements), along with a current supplement addressing the impact of Amendment 782 upon Defendant's sentence. (*See* DE #34.) The Probation Office filed the sentencing reduction addendum (DE #35) indicating Defendant is not entitled to a reduction of sentence because he was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1. The Government filed a response, stating it agreed that Defendant is not eligible for a reduced sentence. (DE #36). Thus, both the Probation Office and the Government agree that Defendant is not entitled to a reduction of sentence. This Court concurs.

Defendant's motion indicates that he requests relief under 18 U.S.C. § 3582(c)(2), seeking a sentencing reduction based upon an Amendment 782. However, neither § 3582(c)(2) nor Amendment 782 alter Defendant's criminal history category.

2

Carr's original criminal history category calculation and resulting sentencing range were based on the fact that he qualified as a career offender under U.S.S.G. § 4B1.1  Because at the time of Defendant's sentencing he was determined to be a career offender pursuant to U.S.S.G. § 4B1.1, his advisory guideline calculation was not based on the "crack" guidelines in place at the time of sentencing, but based on the career offender guidelines. Therefore, Defendant did not benefit from the November 1, 2011 "crack" amendment, and also does not benefit from Amendment 782. *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011) (finding crack amendments do not apply when advisory guideline is based on career offender status); *United States v. Lovett*, 550 Fed. Appx. 334, 335 (7th Cir. 2014) (finding where sentencing range based on career-offender guideline, and amendment left that guideline untouched, there was no basis for a reduced sentence).

In sum, Defendant is not eligible for a reduction under § 3582(c)(2), pursuant to Amendment 782 of the United States Sentencing Guidelines.

**DATED:** April 15, 2015        /s/ RUDY LOZANO, Judge
                                 **United States District Court**