UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:07 CR 41 |
| | ) | |
| TIMOTHY JAMES CARR | ) | |

## OPINION and ORDER

This matter is before the court on the motion of defendant Timothy James Carr, through appointed counsel, for a reduction of his sentence pursuant to 18 U.S.C. § 3582 and the First Step Act of 2018, H.R. 5682, 115th Cong. (Dec. 21, 2018). (DE # 62.) For the reasons that follow, the motion is granted in part and denied in part.

**I.  BACKGROUND**

In 2007, defendant pleaded guilty to Count 2 of the indictment, which charged defendant with possession with intent to distribute 50 grams or more of Cocaine Base in violation of 21 U.S.C. § 841(a)(1). (DE ## 15, 17.) The statutory penalty for Count 2 was 20 years to life imprisonment, plus a minimum term of supervised release of 10 years.

Because of the quantity of drugs attributed to defendant and his status as a Career Offender, defendant's total offense level was 34. (DE # 50.) Defendant's criminal history category was VI and his sentencing guidelines range was 262 - 327 months imprisonment. Judge Rudy Lozano sentenced defendant to 262 months imprisonment and a 10-year term of supervised release. (DE # 21.)

Defendant's attempts at reductions in his sentence due to Amendments to the Sentencing Guidelines have failed, largely because of defendant's Career Offender status. (DE ## 32, 38.)

Defendant has now moved, through appointed counsel, for a reduction in his sentence pursuant to the First Step Act of 2018. (DE # 62.)

## II.   DISCUSSION

The First Step Act of 2018 independently authorized a district court to resentence eligible defendants as if the statutory penalties of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, S. 1789, 111th Cong. (Aug. 3, 2010), were in effect at the time of the original sentencing. The purpose of the First Step Act was "to address the disparities between sentences for crack and powder cocaine." *United States v. Shaw,* 957 F.3d 734, 735 (7th Cir. 2020).

The parties agree that, under the First Step Act, the court should apply a different statutory sentencing scheme to Count 2. Specifically, under the Act, the statutory boundaries applicable to Count 2 shift from 20 years - life, to 10 years - life. The parties also agree that, because of this shift, defendant is eligible for First Step Act relief with respect to Count 2. The court's only task is to determine whether any reduction in defendant's sentence for Count 2 is appropriate.

As recommended by *Shaw,* 957 F.3d at 741-42, the court considers defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to

2

defendant's request. The court's prior consideration of the § 3553(a) factors explained at sentencing remains valid. The court has considered defendant's argument that he has only experienced sporadic disciplinary actions while incarcerated, and that he has furthered his education. However, the court notes that defendant engaged in a serious drug crime involving 80 grams of crack and almost one-half of a kilogram of powder cocaine, and he has an extensive criminal history involving drug trafficking, bail jumping, drug possession, unlawful possession of a weapon, and parole violations. The court is also mindful of the need to deter both defendant and future offenders from similar criminal behavior.

The court has also thoroughly considered the advisory Sentencing Guidelines range applicable to defendant. Even with the application of the Fair Sentencing Act to defendant's case, the low end of the applicable Guidelines range remains 262 months. In other words, defendant's term of imprisonment on Count 2 is already at the lowest it can be within the Guidelines range. Although the court acknowledges it has the discretion to go even lower than the Guidelines minimum, it declines to do so for the reasons articulated above.

A 262-month term of imprisonment is also appropriate in light of effects the Fair Sentencing Act had on the statutory penalties applicable to defendant. As explained above, under the Fair Sentencing Act, the statutory penalty for Count 2 is 10 years to life. A 262-month sentence is within the bounds of these post-Fair Sentencing Act statutory minimums and maximums.

The parties agree that defendant's term of supervised release should be modified from 10 years, to 8 years. Accordingly, this relief shall be granted.

Finally, the court denies defendant's request to be physically present for a hearing on the present motion. *United States v. Cooper,* 803 F. App'x 33, 35 (7th Cir. 2020) (declining to find plain error in not holding a resentencing hearing on a First Step Act motion, noting that "nothing in § 404 [of the First Step Act] plainly requires the district court to hold any sort of hearing at all").

### III.    CONCLUSION

For the foregoing reasons, the court grants in part and denies in part defendant's motion for resentencing under the First Step Act. (DE # 62.) Defendant's term of supervised release is modified to a term of 8 years.

**SO ORDERED.**

Date: April 6, 2021

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT